# ACMAT CORPORATION *v.* GREATER NEW YORK MUTUAL INSURANCE COMPANY
## (SC 17740)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued February 16—officially released May 29, 2007

*John P. Graceffa,* pro hac vice, with whom were *Cristin E. Sheehan* and, on the brief, *Robert W. Cassot* and *Tracey Lane Russo,* for the appellant (defendant).

*John W. Lemega,* with whom was *John C. Pitblado,* for the appellee (plaintiff).

*Laura A. Foggan, John C. Yang* and *Kathleen F. Munroe* filed a brief for the Complex Insurance Claims Litigation Association as amicus curiae.

*Opinion*

NORCOTT, J. The sole issue in this appeal is whether we should adopt a common-law exception to the American rule that would allow an award of attorney's fees to a policyholder that has prevailed against its insurance company in a declaratory judgment action, despite the absence of bad faith by the insurer. The defendant, the Greater New York Mutual Insurance Company, appeals[1] from the judgment of the trial court ordering the defendant to pay attorney's fees incurred by the plaintiff, the ACMAT Corporation, in successfully prosecuting this declaratory judgment action to establish the existence of a certain insurance policy. We decline to adopt this new exception to the American rule, and we, therefore, conclude that the trial court improperly awarded the plaintiff attorney's fees in the absence of a statutory or

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court, and we granted the plaintiff's motion to transfer the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

contractual provision authorizing such an award, or a finding of bad faith conduct by the defendant. Accordingly, we reverse the judgment of the trial court.

The record reveals the following facts and procedural history, much of which is set forth in the Appellate Court opinion with respect to the merits of this case. "In 1950, Waldvogel Brothers, Inc., a New York corporation, loaned money to Henry Nozko, Sr., to form Acoustical Materials Corporation, a business engaged in the installation of acoustical ceilings in commercial buildings. Located in East Hartford, Acoustical Materials Corporation was a subsidiary corporation of Waldvogel Brothers, Inc., until 1969, when Waldvogel Brothers, Inc., was dissolved. Nozko purchased the stock of Acoustical Materials Corporation and, in 1972, changed its name to ACMAT Corporation. Since 1988, the plaintiff has been named as a defendant in numerous lawsuits by individuals alleging bodily injuries, dating back to the 1950s, that resulted from exposure to asbestos in the plaintiff's workplaces. Facing potentially serious liability, the plaintiff undertook an exhaustive search of its records to ascertain whether [the defendant] provided insurance coverage applicable to the injuries that formed the basis of the lawsuits. Although the plaintiff was unable to locate any insurance policies issued by [the defendant], it did discover, among other documents, a certificate of insurance, signed by an authorized representative of [the defendant], that listed Acoustical Materials Corporation as the named insured. The certificate indicated that Acoustical Materials Corporation had in effect with [the defendant], through January 1, 1966, a products liability and comprehensive general liability policy (number 17-C3-C00627) with bodily injury limits of $500,000 per person and $1 million per accident. Confronted with the certificate and a request that it participate in the plaintiff's defense in the asbestos lawsuits, [the defendant] conducted its

own search for evidence of the policy, following which it denied that the policy ever existed and refused to tender a defense.

"In light of [the defendant's] refusal, the plaintiff filed this action seeking, inter alia, declarations that [the defendant] had issued to Acoustical Materials Corporation an insurance policy that provided comprehensive general liability and products liability coverage with liability limits of $500,000 per person and $1 million per accident, and that the policy was in full force and effect during the period from January 1, 1964, to January 1, 1968.[2] In its answer, [the defendant] denied the policy's existence.

"Following a two day trial to the court, at which the plaintiff called five witnesses and introduced several exhibits, the court issued a memorandum of decision, declaring in relevant part: 'The court declares, by way of this judgment, that the defendant . . . issued to the plaintiff . . . an insurance policy numbered 17-C3-C00627 which provided comprehensive general liability and product liability coverage to [the plaintiff], with the policy in effect beginning January 1, 1965, to January 1, 1966, and it also provided limits to its liability of $500,000 per person and $1 million per accident. This policy and/or its similar predecessors and successors were validly issued by the defendant . . . to the plaintiff . . . and were in full force and effect from January 1, 1964, through January 1, 1968.' " *ACMAT Corp. v. Greater New York Mutual Ins. Co.*, 88 Conn. App. 471, 473–75, 869 A.2d 1254, cert. denied, 274 Conn. 903, 876 A.2d 11 (2005). The defendant appealed, and the Appel-

---

[2] The plaintiff initially brought this declaratory judgment action in federal District Court. The federal District Court, Goettel, J., dismissed the case after a hearing at which it found that there was no evidence that the amount in controversy exceeded the $50,000 required at that time to establish diversity jurisdiction. See *ACMAT Corp.* v. *Greater New York Mutual Ins. Co.*, 58 F. Sup. 2d 1, 5 (D. Conn. 1999).

late Court affirmed the judgment of the trial court. Id., 483.

Thereafter, the plaintiff filed a motion with the trial court seeking an award of attorney's fees pursuant to Practice Book § 11-21.[3] The defendant objected to the motion, claiming, inter alia, that: (1) attorney's fees are not available under the declaratory judgment statute, General Statutes § 52-29;[4] and (2) the request was untimely under Practice Book § 11-21. The trial court granted the plaintiff's motion, and awarded it $126,153.50 for attorney's fees expended in prosecuting the action in federal court; see footnote 2 of this opinion; as well as in the state trial and appellate courts. Subsequent rulings by the trial court indicated that it reasoned that the attorney's fees incurred by the plaintiff in prosecuting the declaratory judgment action amounted to damages caused by the defendant's breach of its duty under the policy to defend the plaintiff. This appeal followed. See footnote 1 of this opinion.

On appeal, the defendant, supported by the amicus curiae, the Complex Insurance Claims Litigation Association, claims that the trial court's award violates the well established American rule, namely, "that attorney's fees and ordinary expenses and burdens of litigation

---

[3] Practice Book § 11-21 provides: "Motions for attorney's fees shall be filed with the trial court within thirty days following the date on which the final judgment of the trial court was rendered. If appellate attorney's fees are sought, motions for such fees shall be filed with the trial court within thirty days following the date on which the appellate court or supreme court rendered its decision disposing of the underlying appeal. Nothing in this section shall be deemed to affect an award of attorney's fees assessed as a component of damages."

[4] General Statutes § 52-29 provides: "(a) The Superior Court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment.

"(b) The judges of the Superior Court may make such orders and rules as they may deem necessary or advisable to carry into effect the provisions of this section."

are not allowed to the successful party absent a contractual or statutory exception . . . [or] bad faith conduct of the other party or the other party's attorney." (Citation omitted; internal quotation marks omitted.) *Broadnax* v. *New Haven*, 270 Conn. 133, 178, 851 A.2d 1113 (2004). The defendant contends that the award is improper because § 52-29 does not authorize attorney's fees in declaratory judgment actions, and there was no finding of "bad faith" to justify the award. In response, the plaintiff emphasizes the "special relationship between insured and insurer arising from the uniquely unequal bargaining positions of the parties,"[5] and contends that we should follow the lead of those states that have adopted an exception to the American rule, requiring an insurer that has refused to defend its insured to pay the insured's attorney's fees in a declaratory judgment action.[6] The defendant responds by relying on our decisions in *Bodner* v. *United Services Automobile Assn.*, 222 Conn. 480, 610 A.2d 1212 (1992),

[5] The plaintiff contends that "Connecticut common law . . . more specifically reflects an overriding concern with the protection of the insured's contractual right to a defense." In support of this proposition, the plaintiff relies on, inter alia, the contra proferentem rule of construction of insurance policies; see, e.g., *Connecticut Ins. Guaranty Assn.* v. *Fontaine*, 278 Conn. 779, 788–89, 900 A.2d 18 (2006); and the rule allowing the insured, but not the insurer, to rely on facts outside a pleading in determining whether the insured is owed a defense. See, e.g., *Hartford Casualty Ins. Co.* v. *Litchfield Mutual Fire Ins. Co.*, 274 Conn. 457, 463–64, 466–67, 876 A.2d 1139 (2005).

[6] Our Superior Court judges are split about whether the court may award a prevailing policyholder attorney's fees in a declaratory judgment action against its insurer, and the plaintiff relies on the two trial court cases that support its position. Compare *General Plasma, Inc.* v. *Reliance Ins. Co.*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-97-0575899S (January 11, 2000) (26 Conn. L. Rptr. 189, 192) (fees may be awarded only if insurer fails to provide defense in underlying action), and *Aetna Life & Casualty Co.* v. *Gentile*, Superior Court, judicial district of Waterbury, Docket No. 0122259 (December 12, 1995) (15 Conn. L. Rptr. 451, 454) (awarding fees), with *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, Superior Court, judicial district of New London at Norwich, Docket No. X04-CV-98-0116309S (July 21, 1999) (25 Conn. L. Rptr. 157) (following American rule strictly).

and *Burr* v. *Lichtenheim*, 190 Conn. 351, 460 A.2d 1290 (1983), in support of its argument that nothing in the present case justifies the creation of a new exception to the American rule.[7] We agree with the defendant.

"It is well established that we review the trial court's decision to award attorney's fees for abuse of discretion. . . . This standard applies to the amount of fees awarded . . . and also to the trial court's determination of the factual predicate justifying the award. . . . Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Citations omitted; internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 252–53, 828 A.2d 64 (2003).

"The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception. . . . This rule is generally followed throughout the country. . . . Connecticut adheres to the American rule. . . . There are few exceptions. For example, a specific contractual term may provide for the recovery of attorney's fees and costs . . . or a statute may confer such rights. . . . This court also has recognized a bad faith exception to the American rule, which permits a court to award attorney's fees to the prevailing party on the basis of bad faith conduct of the other party or the other party's attorney." (Citations omitted; internal quotation

---

[7] The defendant also contends that the award was improper because the motion was not filed timely in accordance with the requirements of Practice Book § 11-21. It is, however, unnecessary for us to reach this claim in this appeal.

marks omitted.) *Broadnax* v. *New Haven,* supra, 270 Conn. 178; id., 178–79 (trial court properly denied motion for attorney's fees in declaratory judgment action challenging practice of "underfilling" positions in city's fire department); see also *Maris* v. *McGrath,* 269 Conn. 834, 844, 850 A.2d 133 (2004) ("[i]t is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons" [internal quotation marks omitted]); *Peterson* v. *Norwalk,* 152 Conn. 77, 80, 203 A.2d 294 (1964) (trial court properly denied plaintiff's request for attorney's fees in declaratory judgment action against city's public utility commission because "[n]either the statutes nor the rules provide for an allowance for counsel fees in declaratory judgment actions").

Neither party has identified a statutory or contractual basis for the trial court's award of attorney's fees in this declaratory judgment action, and the trial court failed to find bad faith with respect to the defendant's conduct.[8] The propriety of the trial court's award of attorney's fees turns, therefore, on whether we should follow the lead of those of our sister states that recognize a common-law exception to the American rule allowing for the award of attorney's fees when the insured party prevails in a declaratory judgment action against its insurer.

The parties' comprehensive briefs, and our independent research, indicate that our sister states take a variety of common-law and statutory approaches to this issue. Presently, seven states, specifically, Alabama, California, Kentucky, Louisiana, Michigan, New Mexico and Tennessee, follow the American rule strictly, and

---

[8] Indeed, the trial court found for the defendant on the second count of the plaintiff's complaint, which had alleged breach of the duty of good faith and fair dealing.

have not yet adopted any common-law exceptions allowing for the payment of attorney's fees to policyholders that are successful in coverage actions against their insurance companies. See *Clark* v. *Exchange Ins. Assn.*, 276 Ala. 334, 337–38, 161 So. 2d 817 (1964); *O'Morrow* v. *Borad*, 27 Cal. 2d 794, 801, 167 P.2d 483 (1946); *Aetna Casualty & Surety Co.* v. *Commonwealth*, 179 S.W.3d 830, 842 (Ky. 2005); *Shaffer* v. *Stewart Construction Co.*, 865 So. 2d 213, 220 (La. App.), review denied, 869 So. 2d 886 (La. 2004); *Schiebout* v. *Citizens Ins. Co. of America*, 140 Mich. App. 804, 814, 366 N.W.2d 45 (1985), aff'd on other grounds sub nom. *Powers* v. *Detroit Automobile Inter-Insurance Exchange*, 427 Mich. 602, 398 N.W.2d 411 (1986); *Lujan* v. *Gonzales*, 84 N.M. 229, 238–39, 501 P.2d 673 (App.), cert. denied, 84 N.M. 219, 501 P.2d 663 (1972); *Carter* v. *Virginia Surety Co.*, 187 Tenn. 595, 604–605, 216 S.W.2d 324 (1948). Similarly, Oregon does not permit an insured party to recover attorney's fees unless it also has recovered a separate money judgment from the insurer. See *McGraw* v. *Gwinner*, 282 Or. 393, 400, 578 P.2d 1250 (1978) (discussing statute now codified at Or. Rev. Stat. § 742.061 [1] [2005], which allows for recovery of attorney's fees in "an action . . . brought in any court of this state upon any policy of insurance of any kind or nature").

The courts of seven states, specifically, Arkansas, Kansas, Maryland, Montana, South Carolina, Washington and West Virginia, have adopted various insurance exceptions to the American rule as a matter of common law, and award attorney's fees to successful policyholders in coverage actions, irrespective of any statutory or contractual provisions.[9] See *Equity Mutual Ins. Co.*

---

[9] Seven states, specifically, Delaware, Florida, Georgia, Hawaii, Nebraska, New Hampshire and New Jersey, have enacted specific statutes or court rules allowing for the award of attorney's fees to prevailing policyholders in insurance coverage disputes. See *Galiotti* v. *Travelers Indemnity Co.*, 333 A.2d 176, 177–78 (Del. Super. 1975) (discussing Del. Code Ann. tit. 18, § 4102, which allows for award of fees to insured that obtains "judgment

v. *Southern Ice Co.*, 232 Ark. 41, 49, 334 S.W.2d 688 (1960) (granting, without analysis, successful insured's request for attorney's fees in declaratory judgment appeal); *Farm Bureau Mutual Ins. Co.* v. *Kurtenbach,*

against any insurer upon any policy of property insurance" [internal quotation marks omitted]); *Ivey* v. *Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000) (discussing Fla. Stat. Ann. § 627.428 [1] and stating that "Florida law is clear that in 'any dispute' which leads to judgment against the insurer and in favor of the insured, attorney's fees shall be awarded to the insured"); *Ponse* v. *Atlanta Casualty Co.*, 270 Ga. App. 122, 123 n.2, 605 S.E.2d 826 (2004) (quoting Ga. Code Ann. § 33-7-15 [b.1] [2000], which provides that if "the insurer denies coverage and it is determined by declaratory judgment or other civil process that there is in fact coverage, the insurer shall be liable to the insured for legal cost and attorney's fees as may be awarded by the court" [internal quotation marks omitted]); *Commerce & Industry Ins. Co.* v. *Bank of Hawaii*, 73 Haw. 322, 329, 832 P.2d 733 (1992) (discussing Haw. Rev. Stat. § 431:10-242 [1987]); *Union Ins. Co.* v. *Bailey*, 234 Neb. 257, 264, 450 N.W.2d 661 (1990) (discussing Neb. Rev. Stat. § 44-359 [1987] and concluding that despite statutory language referring to " 'plaintiff,' " successful policyholder may recover attorney's fees even if insurer is plaintiff in declaratory judgment action); *Federal Bake Shop* v. *Farmington Casualty Co.*, 144 N.H. 40, 43, 736 A.2d 459 (1999) (citing N.H. Rev. Stat. Ann. § 491:22-b [1997]); *Allstate Ins. Co.* v. *Sabato*, 380 N.J. Super. 463, 473–74, 882 A.2d 972 (2005) (discussing N.J. Rule of General Application 4:42-9 [a] [6], which provides that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except . . . [i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant").

The courts of Arizona, Missouri, North Dakota and Texas award attorney's fees in insurance coverage declaratory judgment actions pursuant to broad interpretations of their state's general attorney's fee or declaratory judgment statutes. See *Progressive Classic Ins. Co.* v. *Blaud*, 212 Ariz. 359, 364, 132 P.3d 298 (App. 2006) ("successful party" in insurance coverage dispute entitled to attorney's fees pursuant to state's general fees statute, Ariz. Rev. Stat. § 12-341.01 [2003]); *American Economy Ins. Co.* v. *Ledbetter*, 903 S.W.2d 272, 276–77 (Mo. App. 1995) ("costs" section of general declaratory judgment statute, Mo. Ann. Stat. § 527.100, allows attorney's fees to prevailing policyholders, even in absence of bad faith); *Western National Mutual Ins. Co.* v. *University of North Dakota*, 643 N.W.2d 4, 19 (N.D. 2002) (acknowledging American rule, but concluding that N.D. Cen. Code § 32-23-08, which provides that "[f]urther relief based on a declaratory judgment or decree may be granted whenever necessary or proper," allows for fee award to successful policyholder in declaratory judgment action to establish coverage); *Allstate Ins. Co.* v. *Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) (appeal in coverage dispute not moot, even after resolution of underlying litigation in which insurer provided defense, because of availability to policyholder of " 'equitable and just' " attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 37.009 [West 1997]).

265 Kan. 465, 482, 961 P.2d 53 (1998) ("where an insurer denies coverage and the duty to defend and brings a declaratory judgment action against the insured to determine that issue, the insured may recover his or her attorney fees incurred in the defense of the declaratory judgment action if it is determined as a result of that action that there is coverage"); *Collier* v. *MD-Individual Practice Assn., Inc.*, 327 Md. 1, 16–17, 607 A.2d 537 (1992) (attorney's fees not available to health insurance policyholder because state's exception is limited to third party liability insurance coverage disputes); *Mountain West Farm Bureau Mutual Ins. Co.* v. *Brewer*, 315 Mont. 231, 244, 69 P.3d 652 (2003) ("an insured is entitled to recover attorney fees, pursuant to the insurance exception to the American [r]ule, when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract" in both duty to defend and duty to indemnify cases); *Hegler* v. *Gulf Ins. Co.*, 270 S.C. 548, 551, 243 S.E.2d 443 (1978) (successful insured may recover fees from declaratory judgment action even if insurer has defended underlying action pursuant to reservation of rights); *Olympic Steamship Co.* v. *Centennial Ins. Co.*, 117 Wash. 2d 37, 52–53, 811 P.2d 673 (1991) (fees available to successful insured no matter which party brings action for determination of coverage); *Aetna Casualty & Surety Co.* v. *Pitrolo*, 176 W. Va. 190, 195, 342 S.E.2d 156 (1986) (characterizing attorney's fees in declaratory judgment action to determine coverage as remedy for insurance company's breach of duty to defend because "[i]f the insurer can force [the policyholder] into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right" [internal quotation marks omitted]).[10]

---

[10] We note that when it addressed this issue, a panel of the District of Columbia Court of Appeals adopted an insurance exception to the American rule, but the court vacated that decision after it granted the insurer's motion

Other state courts have adopted somewhat narrower variations of the common-law insurance exceptions to the American rule. For example, the New York courts will award attorney's fees to a successful policyholder, but only if that party has been " 'cast in a defensive posture' " in a declaratory judgment action brought by its insurer to establish the duty to defend or indemnify; that insured may not recover fees if it is the plaintiff in the action against the insurance company. See *U.S. Underwriters Ins. Co.* v. *City Club Hotel, LLC*, 3 N.Y.3d 592, 597–98, 822 N.E.2d 777, 789 N.Y.S.2d 470 (2004). Minnesota will award attorney's fees only if the insurer has failed to defend the policyholder in the underlying action under a reservation of rights. See *American Standard Ins. Co.* v. *Le*, 551 N.W.2d 923, 927–28 (Minn. 1996) (attorney's fees may be awarded only with statutory basis or if insurer has breached contract by refusing to defend insured). Similarly, Massachusetts has limited the exception to declaratory judgment actions intended to establish the insurer's duty to defend, and not its duty to indemnify. See *Wilkinson* v. *Citation Ins. Co.*, 447 Mass. 663, 671, 856 N.E.2d 829 (2006) ("The duty to defend arises in situations involving threatened or actual litigation by a third party, a context in which time is of the essence, and in which cost and complexity can compound each passing day. By the time the insurer's duty to defend has been established through litigation, the insured may already have been denied much of the benefit and protection of that defense, depriving the insured of the benefit of the bargain and requiring an alternative compensatory measure like attorney's fees.").

for rehearing en banc. See *Potomac Residence Club* v. *Western World Ins. Co.*, 711 A.2d 1228 (D.C. 1997), vacated, 711 A.2d 1250 (D.C. 1998). That case settled prior to the rehearing, and consequently, this question remains unsettled in the District of Columbia. See *Harris* v. *Howard University, Inc.*, 48 F. Sup. 2d 43, 46 (D.D.C. 1999) ("it would be inappropriate for the [c]ourt to recognize an exception to the American [r]ule that has not yet been adopted by the local courts").

The courts that have adopted common-law insurance exceptions to the American rule reason that, "if it should be determined that coverage exists, one may conclude that the insured was compelled to expend his or her own funds in litigation expenses to obtain the benefit of his or her bargain with the insurer. If these expenses are not reimbursed to the insured, the insured fails to obtain a substantial benefit already paid for under the policy: the defense of the claim." *Farm Bureau Mutual Ins. Co.* v. *Kurtenbach,* supra, 265 Kan. 482; see also *Aetna Casualty & Surety Co.* v. *Pitrolo,* supra, 176 W. Va. 194 (rejecting requirement of bad faith by insurer as "unfair to the insured, who originally purchased the insurance policy to be protected from incurring attorney's fees and expenses arising from litigation"). These courts also recognize the "disparity of bargaining power between an insurance company and its policyholder [that] makes the insurance contract substantially different from other commercial contracts." *Olympic Steamship Co.* v. *Centennial Ins. Co.,* supra, 117 Wash. 2d 52.

Finally, nine states, specifically, Indiana, Iowa, Maine, Mississippi, North Carolina, Pennsylvania, Utah, Vermont and Wisconsin, have created common-law exceptions to the American rule for the situation where the insurance coverage litigation is the product of bad faith conduct on the part of the insurer.[11] See *Mikel* v. *Ameri-*

[11] The courts of Colorado and Ohio have relied on more general statutes permitting the award of attorney's fees in bad faith or vexatious litigation in order to justify the award of attorney's fees to prevailing policyholders. See *Allstate Ins. Co.* v. *Huizar,* 52 P.3d 816, 821–22 (Colo. 2002) (declining to create exception to American rule in uninsured motorists' litigation because scenario of "forcing an opponent to incur substantial legal expenses and ultimately suffering defeat are evidence of groundless and vexatious proceedings" is addressed by frivolous litigation statute, Colo. Rev. Stat. § 13-17-101 [2001]); *Westfield Cos.* v. *O.K.L. Can Line,* 155 Ohio App. 3d 747, 759–62, 804 N.E.2d 45 (2003) (trial court properly awarded attorney's fees to policyholder pursuant to declaratory judgment statute, Ohio Rev. Code Ann. § 2721.16, which allows award of attorney's fees if otherwise authorized by statute or if litigation is frivolous, because of insurer's "obdurate behavior"), appeal denied, 102 Ohio St. 3d 1459, 809 N.E.2d 33 (2004).

*can Ambassador Casualty Co.*, 644 N.E.2d 168, 172 (Ind. App. 1994) ("[W]hen the insured brings an action for a declaration of coverage and prevails, absent a bad faith denial of coverage by the insurer, attorney's fees incurred by the insured in the prosecution of that action are not incurred at the 'request' of the insurer. Our holding is consistent with the long-standing rule in Indiana that the insurer may dispute claims in good faith."), transfer denied, 652 N.E.2d 503 (Ind. 1995); *New Hampshire Ins. Co.* v. *Christy*, 200 N.W.2d 834, 845 (Iowa 1972) (attorney's fees may be awarded to successful insured only if "there is a showing made in the declaratory judgment action that the insurance company has

---

Other states, specifically, Idaho, Illinois, Rhode Island, South Dakota, Virginia and Wyoming, have statutes specifically authorizing attorney's fees if the insurer has engaged in bad faith behavior in insurance coverage disputes. See *Allstate Ins. Co.* v. *Mocaby*, 133 Idaho 593, 602, 990 P.2d 1204 (1999) (stating that under Idaho Code § 41-1839, there was no basis for attorney's fee award because insurer "reasonably believed that the policy . . . provided a basis for noncoverage" and its "actions cannot be characterized as frivolous or unreasonable in this case"); *American Alliance Ins. Co.* v. *1212 Restaurant Group, LLC*, 342 Ill. App. 3d 500, 510–11, 794 N.E.2d 892 ("[a]bsent vexatious behavior by the insurer, an insured cannot recover attorney fees incurred in bringing a declaratory judgment action against the insurer to establish coverage" under 215 Ill. Comp. Stat. § 5/155 [West 2000]), appeal denied, 206 Ill. 2d 617, 806 N.E.2d 1064 (2003); *Ins. Co. of North America* v. *Kayser-Roth Corp.*, 770 A.2d 403, 419 (R.I. 2001) (attorney's fees may only be awarded upon finding of "bad faith" required for award under R.I. Gen. Laws § 9-1-33 [1997] or finding of "complete absence of justiciable issue of law or fact" under general frivolous litigation statute, R.I. Gen. Laws § 9-1-45 [1997]); *All Nation Ins. Co.* v. *Brown*, 344 N.W.2d 493, 494 (S.D. 1984) (under S.D. Codified Laws § 58-12-3, prevailing insured is entitled to fees if it establishes that insurer's refusal to pay or defend is "vexatious or without reasonable cause"); *Nationwide Mutual Ins. Co.* v. *St. John*, 259 Va. 71, 75, 524 S.E.2d 649 (2000) (discussing Va. Code Ann. § 38.2-209 [A] [Michie 1999], which makes attorney's fees available when insured brings coverage action against insurance company, although "these costs and attorney's fees shall not be awarded unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy"); Wyo. Stat. Ann. § 26-15-124 (c) (LexisNexis 2005) (attorney's fees available if insurer's "refusal is unreasonable or without cause").

acted in bad faith or fraudulently or was stubbornly litigious" [internal quotation marks omitted]); *Maine Mutual Fire Ins. Co.* v. *Gervais*, 745 A.2d 360, 364 (Me. 1999) (attorney's fees may be awarded to successful insured if insurer's duty was "clear" under state law with respect to coverage at time of declaratory judgment action, although subjective bad faith is not required);[12] *Miller* v. *Allstate Ins. Co.*, 631 So. 2d 789, 795 (Miss. 1994) (insured not entitled to attorney's fees in "absence of a showing of gross or willful wrong" that would have entitled it "to an award of punitive damages"); *Collins & Aikman Products Co.* v. *Hartford Accident & Indemnity Co.*, 125 N.C. App. 412, 415, 481 S.E.2d 96 (attorney's fees may be awarded to policyholder only "where an insurer acts in bad faith in denying coverage or where recovery of fees is otherwise authorized by contract or statute"), review denied, 345 N.C. 752, 485 S.E.2d 51 (1997); *Kelmo Enterprises, Inc.* v. *Commercial Union Ins. Co.*, 285 Pa. Super. 13, 24, 426 A.2d 680 (1981) (policyholder may recover fees incurred in declaratory judgment action "if the insurer has, in bad faith, refused to defend [a third party] action"); *Farmers Ins. Exchange* v. *Call*, 712 P.2d 231,

---

[12] In its seminal case on this issue, the Maine Supreme Judicial Court had stated: "Because the liability insurer's duty of defense is so extensive and the burden on the insured of a breach of that duty is likely to be so heavy, we conclude that the insurer should not enjoy the usual freedom to litigate without concern about the possibility of having to pay the other party's attorneys' fees. *When the duty to defend is clear from the policy and the pleadings, so that the insurer's commencement of the declaratory judgment action must be attributed to a refusal in bad faith to honor its obligation under the policy,* the insured should be entitled to his reasonable attorneys' fees in defending the declaratory judgment action as an element of damages for the insurer's breach of its contract obligation." (Emphasis added.) *Union Mutual Fire Ins. Co.* v. *Inhabitants of Topsham*, 441 A.2d 1012, 1019 (Me. 1982). The court subsequently disclaimed any references to "subjective bad faith," emphasizing that "[a]n independent showing of subjective bad faith [is] not required" and the standard remained whether the insurer's duty was "clear" in light of the policy, underlying pleadings and relevant state law. *Maine Mutual Fire Ins. Co.* v. *Gervais*, supra, 745 A.2d 364.

237 (Utah 1985) ("[b]efore an award of attorney's fees [can] be made in the declaratory judgment action, it must appear that the insurance company acted in bad faith or fraudulently or was stubbornly litigious" [internal quotation marks omitted]); *Concord General Mutual Ins. Co.* v. *Woods*, 175 Vt. 212, 220, 824 A.2d 572 (2003) (prevailing insureds not entitled to attorney's fees "[i]n the absence of a finding of bad faith on the part of the insurance company, or outrageous conduct creating the 'dominating reasons of justice' we have held to be necessary to justify a departure from the American [r]ule"); *Reid* v. *Benz*, 245 Wis. 2d 658, 672, 681–82, 629 N.W.2d 262 (2001) (attorney's fees payable to insured only if "insurer . . . attempt[s] to avoid its duty to defend indirectly by adjudicating coverage without seeking a stay" of underlying liability proceedings and seeking separate determination of coverage responsibility).

Consistent with our prior case law allowing departure from the American rule in cases wherein a party or its attorney has engaged in bad faith conduct;[13] see, e.g.,

[13] "[S]ubject to certain limitations, a trial court in this state has the inherent authority to impose sanctions against an attorney and his client for a course of claimed dilatory, bad faith and harassing litigation conduct, even in the absence of a specific rule or order of the court that is claimed to have been violated. . . .

"As a procedural matter, before imposing any such sanctions, the court must afford the sanctioned party or attorney a proper hearing on the . . . motion for sanctions. . . . There must be fair notice and an opportunity for a hearing on the record. . . . This limitation, like the substantive limitations stated in the following discussion, is particularly appropriate with respect to a claim of bad faith or frivolous pleading by an attorney, which implicates his professional reputation." (Citations omitted; internal quotation marks omitted.) *Maris* v. *McGrath*, supra, 269 Conn. 844.

"To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, we have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes . . . and a high degree of specificity in the factual findings of [the] lower courts. . . . Whether a claim is colorable, for purposes of the

*Maris* v. *McGrath,* supra, 269 Conn. 844–47; we conclude that this third line of cases represents the most appropriate approach to this issue under our state's law. Accordingly, we conclude that, even without an authorizing contractual or statutory provision, a trial court may award attorney's fees to a policyholder that has prevailed in a declaratory judgment action against its insurance company only if the policyholder can prove that the insurer has engaged in bad faith conduct prior to or in the course of the litigation. This limited exception reflects an appropriate accommodation between the policy underlying the American rule of permitting parties, including insurance companies, to litigate claims in good faith, but still provides protection to those policyholders that might confront "stubbornly litigious" insurance companies that take specious positions in order to attempt to avoid paying legitimate claims. It also reflects our "respect [for] the legislative prerogative of choosing the special circumstances under which [attorney's fees] awards may be made . . . . To put it simply, when the General Assembly want[s] to authorize the award of attorney's fees it

bad-faith exception, is a matter of whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts had been established. . . . To determine whether the bad faith exception applies, the court must assess whether there has been substantive bad faith as exhibited by, for example, a party's use of oppressive tactics or its wilful violations of court orders; [t]he appropriate focus for the court . . . is the conduct of the party in instigating or maintaining the litigation." (Citations omitted; internal quotation marks omitted.) Id., 845–46.

Moreover, the bad faith exception applies to both attorneys and clients, and, "[a]s applied to a party, rather than to his attorney, a claim is colorable, for purposes of the bad faith exception to the American rule, if a reasonable person, given his or her [firsthand] knowledge of the underlying matter, could have concluded that the facts supporting the claim might have been established." (Internal quotation marks omitted.) Id., 847. This standard "focuses on the party's firsthand knowledge of the facts and whether, given that knowledge, the party reasonably could have concluded that his or her claim might be established . . . [as well as] the capacity of the party for truthfully or untruthfully recounting those facts, as well as the capacity for honest mistakes, recollections and disagreements over those facts." Id.

kn[ows] how to do it."[14] (Citation omitted; internal quotation marks omitted.) *Fleming* v. *Garnett*, 231 Conn. 77, 94, 646 A.2d 1308 (1994); see also, e.g., General Statutes § 38a-274 (Reasonable attorney's fees are available in an action against an unauthorized insurer if its refusal to make a payment was "vexatious and without reasonable cause . . . . Failure of the person or insurer to defend any such action shall be deemed prima facie evidence that its failure to make payment was vexatious and without reasonable cause.").

Finally, we find instructive this court's decision in *Burr* v. *Lichtenheim*, supra, 190 Conn. 363–64, which concluded that the trial court improperly awarded an insured party attorney's fees that he had incurred in an action brought to enforce an indemnity agreement. Emphasizing that the issue therein was not the recoverability of fees incurred in the defense of the underlying litigation, the court noted that, in the context of indemnification, in the absence of a contractual provision to the contrary, "[t]he general rule is that . . . allowance of fees is limited to the defense of the claim which was indemnified and does not extend to services rendered in establishing the right to indemnification." Id., 363. Because the contract language at issue in that case "allow[ed] no reasonable interpretation other than that attorney's fees would be limited to defense of the original action"; id., 364; this court concluded that the trial

---

[14] Moreover, as a policy matter, we disagree with those courts that have adopted a broader exception founded on the "disparity of bargaining power between an insurance company and its policyholder [that] makes the insurance contract substantially different from other commercial contracts." *Olympic Steamship Co.* v. *Centennial Ins. Co.*, supra, 117 Wash. 2d 52. Indeed, we find more persuasive the argument of the amicus curiae that this position assumes too much and sweeps too far, because, "[a]s with contracts generally, there are insurance policies written between large insurers and relatively small scale policyholders, but there are also many insurance policies written between [midsized] or large insurers and major corporate or business entities . . . ."

court had improperly awarded the policyholder attorney's fees. Id.; accord *Bodner* v. *United Services Automobile Assn.*, supra, 222 Conn. 499 ("there is no discernible reason of public policy why uninsured motorist coverage should impliedly encompass a claimant's right to recover attorney's fees for pursuit of a claim against his own insurer that is premised on the egregious misconduct of the third party tortfeasor"). It would be inconsistent with our conclusion in *Burr*, which involved an indemnification claim, to establish a broad new exception to the American rule in declaratory judgment actions with respect to the duty to defend. See *Mountain West Farm Bureau Mutual Ins. Co.* v. *Brewer*, supra, 315 Mont. 244 (decrying "the arbitrary legal fiction that a substantive distinction exists between a breach of the duty to defend and the breach of the duty to indemnify"). Thus, because the trial court in the present case found that the plaintiff failed to prove that the defendant had acted in bad faith, and there is no claim of a statutory or contractual basis for the attorney's fee award, we conclude that the trial court's award of attorney's fees in this case was improper.

The judgment is reversed and the case is remanded with direction to deny the plaintiff's motion for attorney's fees.

In this opinion the other justices concurred.